UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LAEMONICA CONE,

    Plaintiff,

v.    606CV081

HEALTH MANAGEMENT ASSOCIATES, INC.,

    Defendant.

## ORDER

## I. INTRODUCTION

Laemonica Cone brings this Title VII and 42 U.S.C. § 1981 employment discrimination action against her former employer, Health Management Associates, Inc. ("HMA"), for whom she worked nights. Cone thrice applied, and was thrice rejected, for day-shift positions at HMA. Doc. # 1. Cone claims the rejections were because of her race. HMA moves for summary judgment. Doc. # 11.[1]

## II. BACKGROUND

In the "Background" section of its Orders the Court normally sets forth the facts, as established by the record, through application of the summary-judgment rules. Cone's failure to follow these rules, however, warrants a preliminary note on summary-judgment procedure. In adjudicating motions for summary judgment this Court must view all facts in the light most favorable to the non-moving party.

*Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1254 (11th Cir. 2007). S.D.GA.LOC. R. 56.1, in turn, controls how those facts are procedurally established:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine issue to be tried as well as any conclusions of law thereof. Each statement of material fact shall be supported by a citation to the record. *All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.*

S.D.GA.LOC.R 56.1 (emphasis added). HMA complied with Rule 56.1 by filing a statement of facts complete with record citations. Doc. # 13.

Cone, in contrast, filed no statement. Her sole attempt at establishing facts for this motion is found in the "Introduction" section of her summary judgment opposition brief -- 9 lines without a single citation to the record. Doc. # 17 at 1.[2]

---

[1] Though the defense moves for summary judgment on Cone's race claim and a "retaliation" claim, Cone filed no retaliation claim here. *See* doc. # 1 (Complaint alleging race discrimination); doc. # 10 (Joint Status Report alleging only race discrimination); doc. # 17 (brief in opposition to summary judgment responding only to race discrimination arguments).

[2] Cone makes the following assertions in the "Introduction": Cone is a black female; Cone worked as a third-shift registered nurse for HMA; Cone applied for three day-shift positions; Cone was qualified for all three positions; in each instance, HMA rejected Cone's application; in each instance, HMA hired a white with less education and less experience; HMA has not proffered a race-neutral reason for Cone's rejections. *Id.*

The Court refuses to accept these assertions. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment...." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n. 7 (5th Cir. 1992); *accord Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029-30 (9th Cir. 2001) (district court was not required to consider evidence that was part of the record, but not specifically referred to in plaintiff's motion papers, even though it was arguably sufficient to create material issue of fact to preclude summary judgment). The facts supported by record citations in HMA's S.D.GA.LOC.R 56.1 statement of facts are therefore deemed established. The following factual recitation is constructed from that statement.

Cone, a black female, worked full-time as an RN at HMA's East Georgia Regional Medical Center ("EGRMC"). Doc. # 13 at 2. She worked the night shift (7 pm - 7 am) in the "Telemetry Unit." *Id.* HMA paid Cone an additional $3.50/hour to compensate for the off hours. *Id.*

In the first of three "Employee Transfer Requests" Cone asked HMA to move her to an open position in the "Ambulatory Care Unit" -- a day-shift position. *Id.* at 5; *see also id.* exh. A, exh. 1. Cone interviewed for the position, but HMA rejected her in favor of a white female with two more years nursing experience. *Id.* at 5-6. Cone believes her rejection was race-based because (1) a white employee was hired; and (2) all the nurses in Ambulatory Care are white. *Id.* at 6.

Next, plaintiff requested transfer to a day-shift position in the "Pain Management Unit." *Id.* at 7; *see also id.* exh. A, exh. 2. Again Cone interviewed for the position, but was rejected because she "did not demonstrate interest or enthusiasm for the position during the interview." *Id.* at 8. A white female who properly "demonstrated the attitude, enthusiasm, and interest" during her interview was hired. *Id.*

Finally, Cone requested a transfer to the "Case Management Unit." *Id.* at 10; *see also id.* exh. A, exh. 3. She arrived late for the interview for this position, and she gave no reason for her lateness. *Id.* at 11. Plaintiff told the interviewer she sought the position because of the day-shift hours, an answer that troubled the interviewer because it "did not reflect a genuine interest in the position." *Id.* at 12. The interviewer also had a problem with Cone's "telephone voice" which was without "clarity, confidence, or authority." *Id.* HMA filled all four available Case Management positions with whites applicants. *Id.* at 13. EGRMC has never had a black case manager. *Id.*

## III. ANALYSIS

Under Title VII, an employer intentionally discriminates where race is a motivating factor in a decision "to fail or refuse to hire." 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(m); *see Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). To survive a defendant's motion for summary judgment, the plaintiff must show that there exists a genuine issue of material fact that the employer intentionally discriminated against the plaintiff based on race. F.R.Civ.P. 56(c); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (establishing framework for determining whether race motivated employer); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981) ("ultimate question" whether "the defendant intentionally discriminated"); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993) ("ultimate fact" to be decided by jury is "intentional discrimination"); *Reeves v. Sanderson Plumbing*

2

*Prods., Inc.*, 530 U.S. 133 (2000) ("[t]he ultimate question is whether the employer intentionally discriminated").

Because the question of intentional discrimination is a difficult one -- "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes," *Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) -- the Supreme Court created a framework for deciding Title VII cases when the plaintiff relies solely on circumstantial evidence. *See generally McDonnell Douglas*, 411 U.S. at 802. In that framework, the plaintiff must first establish a prima facie case of discrimination. *Id.* Then the defendant must produce evidence articulating a legitimate, non-discriminatory reason for the challenged action. *Id.*; *Burdine*, 450 U.S. at 255 & n.9 ("[a]n articulation not admitted into evidence will not suffice").

Once the defendant articulates its legitimate, non-discriminatory reason, the plaintiff has two means of carrying her ultimate burden of persuasion, thus proving discrimination: "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 253.

In that respect, "there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation." *Id.* at 255 n. 10; *see also Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004) ("The evidence of pretext may include ... the same evidence offered initially to establish the prima facie case").

So when a race-discrimination defendant moves for summary judgment, and the facts in the light most favorable to the plaintiff show both a prima facie case and legitimate, non-discriminatory reasons, the inquiry turns on whether the plaintiff's circumstantial evidence of discrimination (*i.e.*, her prima facie case, her evidence that her employer's reasons are unworthy of credence, and her evidence that discrimination was more likely) suffices to create a genuine issue of material fact on the plaintiff's "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Burdine*, 450 U.S. at 253.

However, a recent Eleventh Circuit case has altered the analytical framework. Now, when a plaintiff brings only a prima facie case and "discriminatory-motivation" evidence, the defendant is entitled to summary judgment. In other words, "unworthy-of-credence" evidence is required for every articulated legitimate, non-discriminatory reason. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1309 (11th Cir. 2007) (plaintiff's evidentiary offerings "suggest a retaliatory animus" but "do not raise questions about the truthfulness of any of the proffered reasons" so plaintiff "fail[ed] to rebut each of the legitimate, nondiscriminatory reasons").

*McDonnell Douglas*'s circumstantial-evidence framework applies here because Cone cites no direct evidence of discrimination.[3] Cone therefore must establish a prima facie case "by showing (i) that [s]he belongs to a racial minority; (ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite h[er]

---

[3] "The *McDonnell Douglas* scheme for the allocation of burdens and the order of presentation of proof also applies in § 1981 cases involving discriminatory treatment in employment situations." *Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1060 (11th Cir. 1994).

3

qualifications, [s]he was rejected; and (iv) that, after h[er] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir. 1999) (plaintiff can satisfy fourth prong by showing that "after his rejection the position ... was filled by a person outside his protected class").

HMA does not claim that Cone fails to meet these criteria. It does not dispute that (1) she is black; (2) she applied for three jobs for which she was qualified;[4] (3) she was rejected; (4) whites were hired (and in the "Case Management Unit" application process, four slots were available and all were filled by whites).

Instead, HMA argues only that Cone fails to establish a prima facie case because the three positions for which she applied were not materially better than her night-shift position; thus, she suffered no "*serious and material change in the terms, conditions or privileges of employment*" required to establish a prima facie case. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001).

That argument misses the mark; this is not a "change in conditions" Title VII case, but a "failure to hire" case. Title VII makes it unlawful "to fail or refuse to hire ... *or* otherwise to discriminate ... with respect to ... compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Only "[c]onduct that falls

---

[4] With regard to the second prong, Cone need only meet the employer's objective qualifications, not subjective qualifications like judgments about Cone's "telephone voice." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 769 (11th Cir. 2005)).

short of an ultimate employment decision must meet some threshold level of substantiality." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). A failure to hire, unlike a change in conditions, is an ultimate employment decision. *Id.* ("an ultimate employment decision, such as discharge *or failure to hire*" (emphasis added)). Therefore, HMA's challenge fails; Cone established a prima facie case.

The burden then shifted to HMA to produce a legitimate, non-discriminatory reason for each rejection. HMA satisfied this burden. For the Ambulatory Care Unit job, HMA hired a white individual with two more years nursing experience than Cone. For the Pain Management Unit job, HMA hired a white individual who the interviewer felt had more "interest and enthusiasm" than Cone. For the Case Management Unit job, HMA filled the four positions with four white individuals rather than Cone because Cone showed up late for her interview with no excuse, Cone did not have the proper "telephone voice" for the job, and Cone was perceived to be interested in the job's day-shift hours, not the job's substance.

Because the undisputed facts establish a prima facie case for Cone and legitimate, non-discriminatory reasons for HMA, the next question is whether Cone's circumstantial evidence of discrimination suffices to create a genuine issue of material fact on her ultimate burden of persuasion. Again, *Burdine* traditionally enabled a plaintiff to carry that burden (that the employer intentionally discriminated) either directly (by persuading the Court that a discriminatory reason more likely motivated the employer) or indirectly (by showing that the employer's proffered explanations were unworthy of credence). 450 U.S. at 253.

4

Evidence of discriminatory motivation and evidence that an employer's reasons are unworthy of credence are two sides of the same "burden of persuasion" coin. *Burdine* allows the plaintiff to carry her ultimate burden with evidence from either side of the coin. *Id.* And evidence that directly supports the plantiff's case on one side of the coin indirectly supports the case on other side. For example, if the plaintiff directly shows that a defendant's proffered reasons are unworthy of credence, it indirectly shows that the discrimination was more likely (because unworthy-of-credence evidence eliminates alternative explanations, and because a guilty motive can be inferred from the defendant's dishonesty). *Reeves*, 530 U.S. at 147-48.

But *Crawford* now restricts plaintiffs to one side of the coin. *Crawford* requires evidence that each of the proffered non-discriminatory reasons is *unworthy of credence*; evidence that discrimination is more likely no longer suffices. *Crawford*, 482 F.3d at 1309 (plaintiff's evidentiary offerings "suggest a retaliatory animus" but "do not raise questions about the truthfulness of any of the proffered reasons" so plaintiff "fail[ed] to rebut each of the legitimate, nondiscriminatory reasons"). The *Crawford* panel's holding seems to flow from the misconception that evidence of discriminatory animus does not tend to prove that the employer's proffered reasons are false. *Id.* ("Crawford erroneously argues that evidence of a discriminatory animus allows a plaintiff to establish pretext without rebutting each of the proffered reasons of the employer").

In actuality, by proving that discrimination *more likely* motivated the defendant, the plaintiff rebuts the proffered reasons by proving them *less likely*. *See Burdine*, 450 U.S. at 253 (plaintiff can meet burden of persuasion "directly by persuading the court that a discriminatory reason more likely motivated the employer"); *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1332 (11th Cir. 1998) ("Standard must provide sufficient evidence to allow a reasonable fact finder to conclude that the proffered reasons were not actually the motivation for his discharge... (1) by showing that the legitimate nondiscriminatory reasons should not be believed; or (2) by showing that, in light of all of the evidence, *discriminatory reasons more likely motivated the decision than the proffered reasons*" (emphasis added)).

This Court respectfully suggests that a plaintiff can defeat summary judgment by raising a genuine issue of material fact on either side of the *Burdine* coin using a combination of unworthy-of-credence and discriminatory-motivation evidence. The plaintiff must create a genuine issue (1) that the defendant's proffered reasons were unworthy of credence, *or* (2) that discrimination more likely motivated the defendant.[5]

*Crawford*, however, is the law of this

---

[5] Furthermore, after *Costa* and the Civil Rights Act of 1991, a failure to create a *Burdine* issue of material fact should not preclude the plaintiff from pursuing a mixed-motive claim under 42 U.S.C. § 2000e-2(m). That is, there may be a situation where a plaintiff brings "discriminatory motivation" evidence insufficient to create a genuine issue of material fact "that discrimination *more likely* motivated the defendant" (*Burdine* burden of persuasion) but sufficient to create a genuine issue of material fact "that discrimination *was a motivating factor*" (42 U.S.C. § 2000e-2(m) burden of persuasion, *see Costa*, 539 U.S. at 101). The *Crawford* panel purported to analyze the mixed-motive situation, but cited *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), which was overruled by Congress's enactment of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B), as discussed in *Costa*, 539 U.S. at 94-95. The panel did not cite, much less distinguish, *Costa*, § 2000e-2(m), or § 2000e-5(g)(2)(B).

5

Circuit. Cone submitted only prima-facie-case evidence coupled with evidence of discriminatory motivation[6] -- *i.e.*, Cone submitted no evidence that HMA's proffered reasons were unworthy of credence -- so *Crawford* requires that this Court grant HMA's motion for summary judgment.

## IV. CONCLUSION

Health Management Associates, Inc.'s motion for summary judgment is ***GRANTED***. Doc. # 11. Plaintiff Laemonica Cone's Complaint therefore is ***DISMISSED WITH PREJUDICE***.

This _11_ day of June, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] HMA has never hired a black case manager, and all the nurses in the Ambulatory Care Unit are white. *See McDonnell Douglas*, 411 U.S. at 804-05 ("Other evidence that may be relevant to any showing of pretext includes ... [employer]'s general policy and practice with respect to minority employment").